UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-106-RLV-5
(5:05-cr-37-RLV-5)

| | |
|---|---|
| JERMAINE MONTE BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on August 26, 2003, and charged with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Crim. Case No. 5:03cr37, Doc. No. 3: Sealed Indictment). That same day, the Government filed an Information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to rely on Petitioner's prior drug-trafficking offenses for sentencing purposes. (Id., Doc. No. 9: Section 851 Information). A year later, Petitioner pled guilty to the drug-trafficking conspiracy pursuant to a written plea agreement, with the parties stipulating that the quantity of crack cocaine that was reasonably foreseeable to Petitioner was at least 1.5 kilograms and that Petitioner was

1

subject to a base offense level of 38, assuming continued cooperation. (Id., Doc. No. 194 at 2: Plea Agreement).

Before sentencing, the probation officer completed a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 37. (Id., Doc. No. 551 at 9: PSR). This offense level, when combined with a criminal history category of VI, yielded an advisory Sentencing Guidelines range of imprisonment of between 360 months and life. (Id. at 22). The probation officer also noted that Petitioner faced a statutory mandatory minimum of mandatory life in prison, based on the Government's § 851 notice and Petitioner's prior convictions. (Id.). The Government ultimately withdrew its § 851 notice as to two of Petitioner's prior convictions, which resulted in a 360-month mandatory minimum sentence. See (Id., Doc. No. 414 at 5-6: Sentencing Hrg. Tr). At sentencing, the Government moved for a downward departure to 240 months based on substantial assistance, and this Court granted the motion and sentenced Petitioner to 240 months imprisonment, the applicable mandatory minimum sentence. (Id., Doc. No. 414 at 6-7; Doc. No. 327: Amended Judgment). Petitioner did not appeal.

On July 23, 2012, Petitioner filed the instant motion to vacate, arguing that none of his prior convictions that supported his enhancement under § 841 was punishable by more than one year in prison and that, in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he was improperly sentenced based on a 240-month mandatory minimum sentence. On November 26, 2013, this Court issued an order directing the Government to respond to Petitioner's motion. On March 3, 2014, the Government filed its response.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.  DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Defendant's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period so the Court can address the motion to vacate on the merits.[1]

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under

---

[1] Although the Government does not state as such, it appears that the Government is also declining to enforce the waiver in Petitioner's plea agreement of the right to bring his claim for relief under Simmons. See (Crim. Case No. 5:03cr37, Doc. No. 194 at 4).

Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. 2013).

As Respondent notes, Petitioner's sentence was enhanced based on prior state court convictions for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. Specifically, Respondent notes that this Court enhanced Petitioner's sentence based on his prior convictions for sale and delivery of cocaine and for possession with intent to sell and distribute cocaine, all under North Carolina General Statutes § 90-95(a). The highest sentence Petitioner could have received for either offense was 6 to 10 months. See (Doc. No. 1-2).

Respondent states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons because neither of the underlying predicate convictions carried a sentence of more than one year. Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Respondent states that "it appears that this Court understood that it was restricted from sentencing Petitioner to a sentence below 240 months." (Doc. No. 7 at 6). Respondent contends that, without application of a mandatory minimum, "this Court may well have sentenced

4

Petitioner to a sentence below 240 months." (Id.). Respondent states that Petitioner was, therefore, sentenced in violation of the due process clause as established in Hicks, and he should be resentenced without application of a 240-month mandatory minimum sentence.

This Court finds that because Respondent has expressly waived the one-year limitations period and has requested that this Court resentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be resentenced without enhancements based on his prior drug convictions.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner shall be resentenced in accordance with this Order.

Signed: March 11, 2014

Richard L. Voorhees
United States District Judge